UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80734-CIV-MARRA

RICHARD GORDON FRANK,

    Plaintiff,

vs.

LAKE WORTH UTILITIES,

    Defendant.
_____

## **OPINION AND ORDER**

This cause is before the Court upon *pro se* Plaintiff Richard Gordon Frank's Motion for Withdrawal of Reference to District Court (DE 1). Defendant Lake Worth Utilities has filed a response to the motion. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiff has moved this Court to withdraw the reference of the adversary proceeding (Adv. Pro. No. 10-03727-BKC-PGH) before the United States Bankruptcy Court for the Southern District of Florida. Plaintiff seeks withdrawal of the reference based on his demand for a jury trial, which he does not consent to the bankruptcy court conducting. In response, Defendant opposes the withdrawal of the reference on the basis that (1) its motion to dismiss Plaintiff's second amended complaint remains pending before the bankruptcy court and may dispose of this matter; (2) Plaintiff's second amended complaint is based upon allegations that Defendant continued to "extort" money from him after he filed his bankruptcy case and therefore is related to the bankruptcy case and (3) Plaintiff's motion is untimely.

Section 28 U.S.C. § 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d)

In examining the language of 28 U.S.C. § 157(d), the Eleventh Circuit has stated that "[e]ven though Congress provided no statutory definition of the word 'cause', the courts have made it plain that this is not an empty requirement." In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 536 (11th Cir. 1991). The following factors are considered to determine sufficient cause: 1) the advancement of uniformity in bankruptcy administration; (2) decreasing forum shopping and confusion; (3) promoting the economical use of the parties' resources; (4) facilitating the bankruptcy process; (5) whether the claim is core or non-core; (6) efficient use of judicial resources; (7) a jury demand and (8) prevention of delay. Dionne v. Simmons (In re Simmons), 200 F.3d 738, 742 (11th Cir. 2000) quoting Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992 (5th Cir. 1985); Holmes v. Grubman, 315 F. Supp. 2d 1376, 1381 (M.D. Ga. 2004); Control Center, LLC v. Lauer, 288 B.R. 269, 274 (M.D. Fla. 2002). Notably, "a demand for a jury trial in a non-core case can, in itself, provide sufficient cause to withdraw the reference."[1] In re Dreis & Krump Mfg. Co., No. 94 C 4281, 1995 WL 41416, *3 (N.D. Ill. Jan. 31, 1995).

At the same time, a demand for a jury trial standing alone may be insufficient cause for withdrawal if the motion is made too early in the proceedings. In re Winstar Communications,

---

[1] 28 U.S.C. § 157(e) provides that bankruptcy courts may only hold jury trials "if designated to exercise such jurisdiction by the district court and with the express consent of all the parties."

Inc., 321 B.R. 761, 764 (D. Del. 2005); Kenai Corp. v. National Union Fire Ins. Co. (In re Kenai Corp.), 136 B.R. 59, 62 (S.D.N.Y. 1992).  Indeed, "a court may wait until the case is ready to go to trial before withdrawing the reference" because "[a]llowing the bankruptcy court to resolve pretrial issues and enter findings of fact and recommendations of law on dispositive issues is consistent with Congress' intent to let expert bankruptcy judges determine bankruptcy matters to the greatest extent possible." In re Dreis, No. 94 C 4281, 1995 WL 41416, at * 3 (N.D. Ill. Jan. 31, 1995) (internal citations omitted); see also Stein v. Miller, 158 B.R. 876, 880 (S.D. Fla. 1993) (the defendants were not entitled to have dispositive motions decided by the district court, despite the withdrawal of the reference for the purpose of jury trial).[2]

In sum, while the Court finds that withdrawal of the reference is appropriate for purposes of conducting the jury trial, at this point in the proceedings, the withdrawal would be premature. Thus, the Court withdraws the bankruptcy reference only for the purposes of jury trial, and leaves the reference intact as to all pretrial matters.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Plaintiff Richard Gordon Frank's Motion for Withdrawal of Reference to District Court (DE 1) (DE 1) is **GRANTED IN PART AND DENIED IN PART**.

---

[2] The Court rejects Defendant's argument that Plaintiff's motion is untimely, especially when Defendant has not shown any prejudice.  See Redmond v Hassan (In re Hassan), 375 B.R. 637, 647 (Bankr. D. Kan 2006) (when parties knew jury trial was sought and no prejudice will be suffered, request for jury trial should not be denied based solely on tardiness); Shubert v. Julius Kraft Co., Inc. (In re Winstar Communications, Inc.), 321 B.R. 761, 764 (D. Del. 2005) (motion for reference was timely when filed nine months after action filed and within two months of trial when no prejudice shown); Michaelesco v. Shefts, 303 B.R. 249, 253 (D. Conn. 2004) (motion filed two years after action filed is timely); Lars v. Taber Partners (In re Lars, Inc.), 290 B.R. 467, 470 (D.P.R. 2003) (motion for reference was timely filed when filed one year after proceeding commenced).

2) The bankruptcy court reference is withdrawn in part for the purpose of a jury trial. The bankruptcy court reference shall remain in effect for all other purposes, including for the hearing and determination of case dispositive motions. If and when this case becomes ready for trial, the Court shall place it on its trial calendar.

3) The Clerk shall close this case. When the case is ready for trial, any party may open a new case in the district court and attach a copy of this Order so that this case will be assigned to the undersigned.

4) All pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of June, 2011.

_____
KENNETH A. MARRA
United States District Judge